**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**LARRY D. CONLEY,**

       **Plaintiff,**

       v.                                       Case No. 11-C-0501

**MARC FRIEDRICH,**
**LAURA BONIS,**
**DARRELL ALDRICH, AND**
**WILLIAM POLLARD,**
       **Defendants.**

---

**ORDER**

Plaintiff, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement

for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and has paid an initial partial filing fee of $3.33.

The court is also required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __,

2

127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Here, plaintiff is incarcerated at the Waupun Correctional Institution. He will be released from his initial confinement on August 2, 2011. According to plaintiff, his parole officer, Marc Friedrich, unreasonably labeled him as a sex offender without notice and a hearing. The labeling was based on a "misdemeanor account of an alleged indecent exposure" and on an "uncharged complaint by a Debbie Morrison" from the 1990s. Compl. at 3. Plaintiff states that "there were no essential facts alleged that the plaintiff had exposed himself to the witness." Compl. at 3. As a result of the sex offender label, plaintiff is required to complete an evaluation and treatment program upon his release from incarceration. Compl. at 1.

Plaintiff also alleges that he is being forced to submit to random drug testing upon release. Compl. at 3-4. However, he does not have a history or drug or alcohol use "nor any significant drug or alcohol convictions." Compl. at 4.

Next, plaintiff alleges that he requested a Social Security Administration application

package to reestablish his Social Security benefits upon release from incarceration. According to plaintiff, Defendants Laura Bonis, Darrell Aldrich and William Pollard would not provide him with the application packet.

Plaintiff claims that sex-offender label and random drug testing program will deprive him of a liberty interest without due process of the law. See Compl. at 4. In addition, he claims that "Defendant Laura Bonis [acted] in conspiracy with Defendant Darrel Aldrich and William Pollard under the color of law, custom and practice in their official and individual capacity in deprivation of the plaintiff [sic] civil and constitutional rights of the United States." Compl. at 4.

For relief, plaintiff seeks a temporary restraining order against these conditions of supervision. He also asks for a preliminary injunction requiring defendants to remove the sex offender label and drug testing program from his conditions of supervision.

To proceed with a federal due process claim, plaintiff must allege that he or she was deprived of a liberty or property interest without due process of the law. See, e.g., Marion v. Columbia Correctional Institution, 559 F.3d 693, 697 (7th Cir. 2009). A court reviewing a procedural due process claim will first consider whether the plaintiff has asserted a liberty or property interest that is protected by the Fourteenth Amendment. See id. If the court finds such an interest, it will then consider whether the procedures provided to the plaintiff complied with due process requirements. See id.

In Knowlin v. Heise, 2011 WL 1625432, at *3 (7th Cir. 2011) (unpublished), the court held that the plaintiff had not asserted a liberty interest regarding a drug treatment program he was required to complete at the beginning of his twenty-year incarceration period. The court stated that "[b]y refusing treatment, Knowlin did face significant consequences,

4

including a diminished chance of discretionary parole, work release, better custody classification, and transfer to institutions that he apparently regarded as better facilities ... Such privileges, however, are not protected under the Constitution." Id. The court additionally held that there was no state-created liberty interest in this case, "as parole decisions are entirely discretionary." Id.; see also Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006).

In Knowlin, the Seventh Circuit cited the case Renchenski v. Williams, 622 F.3d 315, 325-31 (3d Cir. 2010), in reference to prisoners who are labeled as sex offenders. Knowlin, 2011 WL 1625432, at *3. The court differentiated between labeling prisoners as drug offenders and sex offenders, noting that the Renchenski decision held that "[the] stigma of sex-offender label affects a liberty interest and ... the label, coupled with compelled therapy, does affect such an interest." Knowlin, 2011 WL 1625432, at *3; Renchenski v. Williams, 622 F.3d 315, 325-31 (3d Cir. 2010).

Although Knowlin dealt with a prisoner who was labeled as a sex offender upon entering prison, the court's rationale applies in the present case, as the Seventh Circuit acknowledged the stigma associated with the label. See Knowlin, 2011 WL 1625432, at *3; Renchenski, 622 F.3d at 325-31. Moreover, like the prisoner in Renchenski, plaintiff is required to complete therapy. See Knowlin, 2011 WL 1625432, at *3; Renchenski, 622 F.3d at 325-31. Thus, plaintiff may have a liberty interest regarding the sex-offender label. See Knowlin, 2011 WL 1625432, at *3; Renchenski, 622 F.3d at 325-31.

Moreover, in the habeus corpus context, the Seventh Circuit Court of Appeals has held that an individual labeled as a sex offender has a liberty interest regarding civil commitment: "[t]he primary due process concern of the Supreme Court in the area of civil

5

commitment is the necessity of distinguishing between the typical dangerous recidivist and the offender whose dangerousness is caused by some identifiable mental condition that impairs his ability to refrain from activity dangerous to others." McGee v. Bartow, 593 F.3d 566, 581 (7th Cir. 2010). The issues addressed in the habeus corpus context may come up in the next stages of this proceeding. See, e.g., id.

Thus, plaintiff may proceed with his due process claim regarding the sex-offender label. However, his allegations regarding the random drug testing and Social Security application fail to state a claim for which relief may be granted. As the court stated in Knowlin, parole decisions are "entirely discretionary." 2011 WL 1625432, at *3. Thus, the Fourteenth Amendment's due process clause is not implicated by the parole agent's decision to require plaintiff to undergo random drug testing. Moreover, the court is not aware of any case law holding that the lack of access to a Social Security application deprives a prisoner of a liberty interest without due process of the law. Plaintiff is free to apply for disability when he is released in the next month.[1] As such, these portions of plaintiff's claim shall be dismissed for failure to state a claim for which relief may be granted.

---

[1] In his complaint, plaintiff states that he must apply for disability at least 150 days prior to his release. Compl. at 8. However, according to the Social Security website, plaintiff must supply copies of his release papers prior to being reinstated for disability payments. Some prisons have a prerelease agreement with the local Social Security agency, allowing prisoners to apply prior to their release date. When there is no prerelease agreement, prisoners must call the toll-free Social Security number and set up an appointment to fill out an application after their release. Even if Waupun Correctional Facility has a prerelease agreement with the Social Security office, this court could find no support for plaintiff's suggestion that he will be barred from seeking disability payments if he does not apply at least 150 days prior to his release. Moreover, this court could find no case law holding that there is a liberty interest regarding Social Security benefits. Social Security Online: What Prisoners Need to Know, http://ssa.gov/pubs/10133.html#1.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. #4) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2011.

/s_____
Lynn Adelman
United States District Court Judge